1  CHARLES D. MAY, ESQ.; STATE BAR NO.:  129663
   GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
2  BRIAN J. KIM, ESQ.; STATE BAR NO.: 282538

3  **THARPE & HOWELL, LLP**
   **15250 Ventura Blvd., Ninth Floor**
4  **Sherman Oaks, California  91403**
   **(818) 205-9955; (818) 205-9944 fax**
5  **E-Mail:  cmay@tharpe-howell.com**
   **E-Mail:  gsharaga@tharpe-howell.com**
6  **E-Mail:  bkim@tharpe-howell.com**

7  Attorneys for Defendant,
       LOWE'S HOME CENTERS, LLC
8
                    UNITED STATES DISTRICT COURT
9
        CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
10

11  SHARON MOBLEY, an Individual,        CASE NO.:

12              Plaintiff,               (Riverside County Superior Court Case No.:
                                         MCC 1401132)
13  vs.
                                         **NOTICE OF REMOVAL OF ACTION**
14  LOWE'S COMPANIES, INC., a North      **UNDER 28 U.S.C. §1332 & §1441(B)**
    Carolina Corporation, Also Known As, **(DIVERSITY)**
15  LOWE'S HOME CENTERS, LLC,
    dba LOWE'S; and DOES 1 to 50,
16  Inclusive,

17              Defendants.

18       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b),

19  Defendant LOWE'S HOME CENTERS, LLC ("Defendant"), contemporaneously

20  with the filing of this notice, is effecting the removal of the below referenced action

21  from the Superior Court of the State of California for the County of Riverside, to the

22  United States District Court, Central District of California – Eastern Division.  The

23  removal is based, specifically, on the following grounds:

24  ///

25  ///

26  ///

27  ///

28  ///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## **PLEADINGS, PROCESS AND ORDERS**

1.     On or about August 6, 2014, Plaintiff SHARON MOBLEY ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Riverside by filing a Complaint therein entitled *Sharon Mobley, an individual v. Lowe's Companies, Inc, a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's; and DOES 1 to 50, Inclusive*, Case No. MCC 1401132. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as Exhibit "A":

    a.     Summons

    b.     Complaint

    c.     Civil Case Coversheet

    d.     Certificate of Counsel

2.     The Summons and Complaint were served on Defendant through its agent for service of process on September 12, 2014.

3.     On September 29, 2014, Plaintiff filed an Amendment to the Complaint, substituting the proper defendant, LOWE'S HOME CENTERS, LLC in the place of incorrectly named defendant Lowe's Companies Inc, a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's. A true and correct copy of Plaintiff's Amendment to the Complaint is attached hereto and incorporated herein by reference as Exhibit "B."

4.     On October 1, 2014, Defendant LOWE'S HOME CENTERS, LLC filed its Answer to Complaint and Demand for Trial by Jury. A true and correct copy of Defendant's Answer to Complaint and Demand for Trial by Jury are attached hereto and incorporated by reference collectively as Exhibit "C."

5.     The attached exhibits constitute all process, pleadings and orders served upon this defendant in this matter.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)
Mobley v. Lowe's
Case No.:

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# DIVERSITY

## A.   Citizenship

6.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states.

7.     Plaintiff SHARON MOBLEY was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California.

8.     Defendant LOWE'S HOME CENTERS, LLC is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members.   *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc.   Lowe's Companies, Inc. is a North Carolina corporation and is incorporated in North Carolina with its principal place of business in North Carolina.   Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.   Complete diversity of citizenship exists as between Plaintiff and Defendant LOWE'S HOME CENTERS, LLC.

## B.   Fictitious Does

9.     Defendant DOES 1 to 50, Inclusive are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants.  The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  Further, 28 U.S.C. §1441(b) permits removal based on diversity "only if none of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)
Mobley v. Lowe's
Case No.:

brought." 28 U.S.C. §1441(b) (emphasis added).  Thus, the citizenship of a defendant who has not been served, such as DOES 1 to 50, Inclusive, can be ignored for purposes of determining whether diversity jurisdiction exists.  *Republic Western Ins. Co. v. International Ins. Co.*, 765 F.Supp. 628, 629 (N.D. Cal. 1991).  Here, no California defendant other than Lowe's has been served at the time of the filing of the instant removal.  Accordingly, the mere fact that the complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

10.    Plaintiff's Complaint sets forth a cause of action for negligence and premises liability. *See* Exhibit "A."  Plaintiff alleges in her Complaint that she suffered severe and permanent injuries while shopping at Defendant's retail store in Lake Elsinore, California, on August 24, 2012.  On that date, Plaintiff alleges that she was riding a shopping scooter equipped with a basket, which tipped over from the weight of products Plaintiff had placed in the basket.  Plaintiff attributes her injuries to the alleged negligence of Defendant.  In addition, Plaintiff alleges that Defendant failed to warn Plaintiff that the shopping scooter had a weight restriction and would tip over if exceeded.    Although Plaintiff was prohibited from stating a specific amount demanded in the Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

11.    Where a complaint does not allege a specific amount in damages, the removing defendant only bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); see *McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

---

[1]  In California state court actions brought to recover damages for personal injury, plaintiffs are prohibited from stating the amount demanded in their complaint. California *Code of Civil Procedure* §425.10.

("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

The defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. Stated another way, the defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); see also *McPhail*, 529 F.3d at 954 (one underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

Courts, including the Ninth Circuit have routinely held that a settlement demand can establish the jurisdictional amount in controversy. See *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-3- (7th Cir. 1997) (plaintiff's settlement offer is relevant in determining "plaintiff's assessment of the value of her case); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper."); *Dozier v. Kentucky Finance Co., Inc.*, 319 F. Supp. 2d 716, 718 (S.D Miss. 2003) ("[A] settlement letter can be sufficient to constitute an 'other paper' which makes a case removable where the settlement request demands an amount over the jurisdictional minimum.")

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)
Mobley v. Lowe's
Case No :

12.     Here, during pre-litigation communications between the parties, on or about June 17, 2014, Defendant Lowe's was apprised by Plaintiff and her counsel that Plaintiff sought $85,000.00 in exchange for resolution of Plaintiff's personal injury claims against Defendant.  As such, Plaintiff's settlement demand is more than 1.13 times the jurisdictional amount.  Clearly, the amount in controversy here exceeds the $75,000.00 statutory minimum.

## TIMELINESS OF REMOVAL

13.     This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the Summons and Complaint by Defendant, pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C), and within one year of the filing of the Complaint.  As noted above, Defendant was served with the Summons and Complaint on September 12, 2014.

14.     For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated:  October 14, 2014                    THARPE & HOWELL, LLP


                                            */s/ Charles D. May*
                                    By: _____
                                            CHARLES D. MAY
                                            GENE B. SHARAGA
                                            BRIAN J. KIM
                                            Attorneys for Defendant,
                                            LOWE'S HOME CENTERS,
                                            LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)
Mobley v. Lowe's
Case No.:

# Exhibit "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Lowe's Companies, Inc, a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's; and DOES 1 to 50, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Sharon Mobley, an Individual.

---

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# FILED

Superior Court Of California
County Of Riverside
08/06/2014

**V.ALVARADO**

**BY FAX**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Riverside
Riverside Historic Courthouse
4050 Main Street
Riverside, CA 92505

**CASE NUMBER:**
*(Número del Caso):*
MCC 1401132

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fernando D. Vargas, Esq. (SBN: 129284) 909 / 982-0707
Law Offices of Fernando D. Vargas
8647 Haven Avenue, Suite 200, Rancho Cucamonga, California 91730-4888

**V. ALVARADO**

DATE: August 6, 2014
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* _____ *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Lowes Companies INC, a California Corporate

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Fernando D. Vargas, Esq. (SBN: 129284)
Law Offices Of Fernando D. Vargas
8647 Haven Avenue, Suite 200
Rancho Cucamonga, California 91730-4888
TELEPHONE NO: 909 / 982-0707  FAX NO. *(Optional):* 909 / 982-7182
E-MAIL ADDRESS *(Optional):* guadalupe@vargaslawoffice.com
ATTORNEY FOR *(Name):* Sharon Mobley, an individual

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: Sharon Mobley, an individual

DEFENDANT: Lowe's Companies, Inc, a North Carolina Corporation, Also
Known As, Lowe's Home Centers, LLC, dba Lowe's; and
DOES 1 to 50, Inclusive

☒ DOES 1 TO 50, Inclusive

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED *(Number):*

Type *(check all that apply):*
☐ MOTOR VEHICLE  ☒ OTHER *(specify):* 1. General Negligence and
                                        2. Premises Liability
☐ Property Damage  ☐ Wrongful Death
☒ Personal Injury  ☐ Other Damages *(specify):*

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded  ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

| | |
|---|---|
| | FILED |
| | Superior Court Of California |
| | County Of Riverside |
| | 08/06/2014 |
| | **V.ALVARADO** |
| | **BY FAX** |

CASE NUMBER:

MCC 1401132

1. Plaintiff *(name or names):* Sharon Mobley, an individual

alleges causes of action against defendant *(name or names):* Lowe's Companies, Inc, a North Carolina Corporation, Also
Known As, Lowe's Home Centers, LLC, dba Lowe's; and DOES 1 to 50, Inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
         (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE<br>Mobley vs. Lowe's Companies, Inc, aka Lowe's Home Centers, LLC, dba Lowe's | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* Lowe's Companies, Inc, a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's
       (1) ☐ a business organization, form unknown
       (2) ☒ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 50, Inclusive _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 50, Inclusive _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

American LegalNet, Inc.<br>www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE:<br>Mobley vs. Lowe's Companies, Inc, aka Lowe's Home Centers, LLC, dba Lowe's | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):* Costs of suit herein and any other cst the court may deem just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☒ according to proof
   (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: August 6, 2014

▶

Fernando D. Vargas, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

American LegalNet, Inc.<br>www.FormsWorkflow.com

PLD-PI-001(2)

| SHORT TITLE:<br>Mobley vs. Lowe's Companies, Inc., aka Lowe's Home Centers, LLC, dba<br>Lowe's | CASE NUMBER: |
|---|---|

_First_ _____ **CAUSE OF ACTION—General Negligence**   Page 4 _____
        (number)

ATTACHMENT TO  ☒  Complaint  ☐  Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Sharon Mobley, an Individual.

 alleges that defendant *(name):* Lowe's Companies, Inc., a North Carolina Corporation also known as Lowe's Home Centers, LLC, dba Lowe's; and

 ☒   Does 1 _____   to   50, Inclusive _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* August 24, 2012
at *(place):* Lowe's store, 29335 Central Avenue in the City of Lake Elsinore, County Of Riverside.

*(description of reasons for liability):*

### FIRST CAUSE OF ACTION

#### (Negligence against all Defendants)

 16. Plaintiff, SHARON MOBLEY, an individual, incorporates by reference the allegations contained in paragraphs 1 through 15 of the complaint and each and every part thereof with the same force and effect as though set forth at length herein.

Perforation

 17. On August 24, 2012, defendants, LOWE'S COMPANIES, Inc. a North Carolina  Corporation also known as LOWE'S HOME CENTERS, LLC doing business as LOWE'S, and DOES 1 through 50, Inclusive were the owners of LOWE'S store located at 29335 Central Avenue, in the City of Lake Elsinore.

 18. On August 24, 2012, defendants, LOWE'S COMPANIES, Inc. a North Carolina Corporation also known as LOWE'S HOME CENTERS, LLC doing business as LOWE'S, and DOES 1 through 50, Inclusive were responsible for maintaining, controlling and managing the LOWE'S store located at 29335 Central Avenue, in the City of Lake Elsinore.

 19. Each Defendant was the agent, co-conspirator or employee of each other Defendant, and, in the things complained of herein, was acting within the course and scope of said agency, conspiracy or employment.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**MC-025**

| SHORT TITLE: | NUMBER: |
|---|---|
| Mobley vs. Lowe's Companies, Inc., aka Lowe's Home Centers, LLC, dba Lowe's | |

ATTACHMENT *(Number)*:  __First Cause of Action__

*(This Attachment may be used with any Judicial Council form.)*

CONTINUED FROM GENERAL NEGLIGENCE-FIRST CAUSE OF ACTION, PAGE. 4...

<u>FIRST CAUSE OF ACTION</u>

(Negligence against all Defendants)

20.    Plaintiff is informed and believes, and thereon alleges, that each Defendant who is sued in this Complaint under fictitious name is responsible, in some manner, for the acts, omissions and occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by those defendants, as well named Defendants.

21.    At all times herein plaintiff, SHARON MOBLEY, an individual was lawfully on the premises of defendant as Plaintiff was a business invitee of the LOWE'S store located at 29335 Central Avenue, in the City of Lake Elsinore.

22.    On August 24, 2012, Plaintiff while shopping in the LOWE'S store located at 29335 Central Avenue, in the City of Lake Elsinore suffered severe and permanent injuries when the shopping scooter equipped with a basket on which she was riding, which had been provided by Defendant tipped over from the weight of the products Plaintiff placed in the basket.

23.    Defendants and each of them had a duty to warn their business invitees that the shopping scooter equipped with a basket that was provided to its customers by Defendant, had a weight restriction, which if exceeded would cause the scooter to tip over.

24.    Each Defendant's unreasonable actions and omissions in failing to warn their business invitees that the shopping scooter equipped with a basket that had been provided to its customers by Defendant had a weight restriction, which if exceeded would cause the scooter to tip over constituted a breach of said Defendant's duty to warn.

25.    The sole and proximate cause of plaintiff, SHARON MOBLEY's injuries and damages alleged herein was each Defendant's negligent breach of duty to warn their business invitees that the shopping scooter equipped with a basket that was provided by Defendant to its customers had a weight restriction, which if exceeded would cause the scooter to tip over.

*Attachment are made under penalty of perjury.)*

Page 5 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC-025

| SHORT TITLE: | NUMBER: |
|---|---|
| Mobley vs. Lowe's Companies, Inc., aka Lowe's Home Centers, LLC, dba Lowe's | |

ATTACHMENT *(Number)*:   __First Cause of Action__

*(This Attachment may be used with any Judicial Council form.)*
CONTINUED FROM GENERAL NEGLIGENCE-FIRST CAUSE OF ACTION, PAGE. 4...

FIRST CAUSE OF ACTION

(Negligence against all Defendants)

26.    As a direct, legal and proximate result of the negligence of Defendants, and each of them, as aforesaid, plaintiff, SHARON MOBLEY has suffered severe, serious, and permanent physical injuries as well as emotional injuries including but not limited to anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, to his person, all to her damage in a sum to be shown according to proof and within the jurisdiction of this Court.

27.    Plaintiff, SHARON MOBLEY has incurred, and will continue to incur in the future, medical treatment costs, psychological treatment costs, and other treatment costs. Furthermore, plaintiff, SHARON MOBLEY shall also incur a loss of income, loss of earning capacity, and other economic losses. The full amount of all such damages is not known at this time and therefore is subject to proof at trial.

*(If the item that this Attachment concerns is made under penalty of all perjury, statements in this Attachment are made under penalty of perjury.)*

Page 6 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC-025

| SHORT TITLE: | NUMBER: |
|---|---|
| Mobley vs. Lowe's Companies, Inc., aka Lowe's Home Centers, LLC, dba Lowe's | |

ATTACHMENT *(Number):*   <u>**Second Cause of Action**</u>

*(This Attachment may be used with any Judicial Council form.)*

## *SECOND CAUSE OF ACTION*

### (Premises Liability against all Defendants)

28.     Plaintiff, SHARON MOBLEY, incorporates by reference the allegations contained in paragraphs 1 through 27 of the complaint and each and every part thereof with the same force and effect as though set forth at length herein.

29.     At all relevant times herein Defendants were negligent with respect to failing to warn their business invitees that the shopping scooter equipped with a basket that had been provided to its customers by Defendant had a weight restriction, which if exceeded would cause the scooter to tip over constituted a breach of said Defendant's duty to warn.

30.     On August 24, 2012, Plaintiff while shopping in the LOWE'S store located at 29335 Central Avenue, in the City of Lake Elsinore suffered severe and permanent injuries when the shopping scooter equipped with a basket on which she was riding, which had been provided by Defendant tipped over from the weight of the products Plaintiff placed in the basket.

31.     Defendant's failure to warn their business invitees that the shopping scooter equipped with a basket that had been provided to its customers by Defendant had a weight restriction, which if exceeded would cause the scooter to tip over was a substantial factor in causing Plaintiff's severe, permanent and debilitating injuries.

*(If the item that this Attachment concerns is made under penalty of all perjury, statements in this Attachment are made under penalty of perjury.)*

Page 7 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, St   :umber, and address)*: | FOR COURT USE ONLY |
|---|---|
| Fernando D. Vargas, Esq. (SBN: .   .84)  Law Offices Of Fernando D. Vargas  8647 Haven Avenue, Suite 200  Rancho Cucamonga, California 91730-4888 | |

TELEPHONE NO.: 909 / 982-0707   FAX NO.: 909 / 982-7182

ATTORNEY FOR *(Name)*: Sharon Mobley, an Individual

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**

STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: Mobley vs. Lowe's Companies, Inc, aka Lowe's Home Centers, LLC, dba Lowe's

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant  (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Two: 1. General Negligence, and 2. Premises Liability.
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 6, 2014

Fernando D. Vargas, Esq.
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use  Judicial Council of California  CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA. 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):<br>FERNANDO D. VARGAS, ESQ.   SBN: 129284<br>LAW OFFICES OF FERNANDO D. VARGAS<br>8647 HAVEN AVENUE, SUITE 200<br>RANCHO CUCAMONGA, CALIFORNIA 91730-4888<br>TELEPHONE NO: 909 / 982-0707   FAX NO. (Optional): 909 / 982-7182<br>E-MAIL ADDRESS (Optional): guadalupe@vargaslawoffice.com<br>ATTORNEY FOR (Name):   Sharon Mobley, an individual | FOR COURT USE ONLY<br><br># FILED<br>Superior Court Of California<br>County Of Riverside<br>08/06/2014<br>**V.ALVARADO**<br>BY FAX |
|---|---|
| PLAINTIFF/PETITIONER: Sharon Mobley, an individual | |
| DEFENDANT/RESPONDENT: Lowe's Companies, Inc, a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's; and DOES 1 to 50, Inclusive | CASE NUMBER:<br>MCC 1401132 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of: 892532 _____

☐   The action concerns real property located in the zip code of: _____

☐   The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date August 6, 2014 _____

Fernando D. Vargas, Esq. _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

►   _____
(SIGNATURE)

Approved for Optional Use
Riverside Superior Court
RI-030 (Rev. 08/10/10)

**CERTIFICATE OF COUNSEL**



American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit "B"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-025

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)<br>Fernando D. Vargas, Esq. SBN: 129284<br>Law Offices of Fernando D. Vargas<br>8647 Haven Avenue, Suite 200<br>Rancho Cucamonga, CA 91730<br>TELEPHONE No.: 909 / 982-0707     FAX NO. (Optional): 909 / 982-718<br>E-MAIL ADDRESS (Optional): guadalupe@vargaslawoffice.com<br>ATTORNEY FOR (Name): Plaintiff, Sharon Mobley | FOR COURT USE ONLY<br><br>COPY |
|---|---|

TITLE OF CASE:
MOBLEY vs .LOWE'S COMPANIES, INC, et al.

| | CASE NUMBER:<br>MCC 1401132 |
|---|---|

| AMENDMENT TO   ☒   COMPLAINT   ☐   CROSS COMPLAINT |
|---|

FICTITIOUS NAME (No order required)

Upon filing the complaint * herein, plaintiff(s)* being ignorant of the true name of a defendant and having designated

said defendant in the complaint by the fictitious name of    Lowe's Companies, Inc, a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's; and DOES 1 to 50, Inclusive _____ and having

discovered the true name of the said defendant to be    Lowe's Home Centers, LLC _____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____    _____    _____
(DATE)    (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY    (SIGNATURE)
MAKING DECLARATION)

INCORRECT NAME (Requires order thereon)

Plaintiff(s)* having designated a defendant in the complaint* by the incorrect name of    Lowe's Companies, Inc., a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's

and having discovered the true name of the said defendant to be    Lowe's Home Centers, LLC _____

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

September 24,    2014    Fernando D. Vargas, Esq.    _____
(DATE)    (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY    (SIGNATURE)
MAKING DECLARATION)

ORDER

Proper cause appearing, plaintiff(s)* allowed to file the above amendment to the complaint.*

_____    _____
(DATE)    (JUDGE OF THE SUPERIOR COURT)

*Complaint can also mean a cross-complaint. Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).    Page 1 of 1

| Approved for Optional Use<br>Riverside Superior Court<br>RI-025 [Rev. 05/02/11] | AMENDMENT TO COMPLAINT/CROSS COMPLAINT | riverside.courts.ca.gov/localforms/localforms.shtml<br> |
|---|---|---|

Re: <u>MOBLEY vs. LOWE'S HOME CENTERS, LLC.</u>
Case Number:  MCC 1401132

## PROOF OF SERVICE
### Code of Civil Procedures §§ 1013a, 2015.5

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 8647 Haven Avenue, Suite 200, Rancho Cucamonga, California 91730-4888. On September 24, 2014, I served the following document(s):

### AMENDMENT TO COMPLAINT

__X__ **(1) MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in a sealed envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

_____ **(2) PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addresses (s).

_____ **(3) OVERNIGHT MAIL:** I caused such envelope to be delivered by overnight mail to the offices of the addressee (s).

__X__ **(4) FACSIMILE:** I served the above-mentioned document (s) from facsimile machine number (909) 982-7182 to the interested parties at facsimile machine number (s) indicated on the attached mailing list.

_____ **(5) ELECTRONIC MAIL:** I served the above-mentioned document (s) by electronic mail to the interested parties at the electronic mail address indicated on the service list:

### SET ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 24, 2014, at Rancho Cucamonga, California.

GUADALUPE JASHIMOTO

AMENDMENT TO COMPLAINT

Re: <u>MOBLEY vs. LOWE'S HOME CENTERS. LLC.</u>
Case Number:  MCC 1401132

## SERVICE LIST

Steve Pyun, Esq.
**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, 9th Floor
Sherman Oaks, CA 91403
Tel#: 818 / 205-9955
Fax#: 818 / 205-9944
Email: www.tharpe-howell.com

Attorneys for Defendant,
**LOWE'S HOME CENTERS, LLC**

2

# Exhibit "C"

| | |
|---|---|
| 1 | **THARPE & HOWELL, LLP**<br>15250 Ventura Boulevard, Ninth Floor |
| 2 | Sherman Oaks, California  91403<br>(818) 205-9955; (818) 205-9944 fax |
| 3 | CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663 |
| 4 | GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661<br>STEVE PYUN, ESQ.; STATE BAR NO.: 253563 |
| 5 | Attorneys for Defendant, |
| 6 |     LOWE'S HOME CENTERS, LLC |

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 0 1 2014

R. Alessandro

```
 7

 8

 9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF RIVERSIDE

11

12   SHARON MOBLEY, an Individual,          CASE NO.: MCC 1401132
                                             Civil Unlimited Jurisdiction
13                   Plaintiff,

14   vs.                                      ANSWER TO COMPLAINT

15   LOWE'S COMPANIES, INC., a North
     Carolina Corporation, Also Known As,
16   LOWE'S HOME CENTERS, LLC, dba
     LOWE'S; and DOES 1 to 50, Inclusive,
17
                     Defendants.
18
```

19    COMES NOW defendant, LOWE'S HOME CENTERS, LLC, for itself alone and for no

20 other defendant, in answering the plaintiff's complaint on file herein and admits, denies and alleges

21 as follows:

22    1.    Under the provisions of §431.30 of the California *Code of Civil Procedure*, this

23 answering defendant denies both generally and specifically each and every allegation in said

24 complaint and the whole thereof, including each and every purported cause of action contained

25 therein, and denies that the plaintiff sustained damages in any sum or sums, or at all.

26    2.    Further answering plaintiff's complaint on file herein and the whole thereof,

27 including each and every purported cause of action contained therein, this answering defendant

28 denies that the plaintiff sustained any injury, damage or loss, if any, by reason of any act or

- 1 -
ANSWER TO COMPLAINT

1       **THARPE & HOWELL, LLP**
      **15250 Ventura Boulevard, Ninth Floor**
2       **Sherman Oaks, California 91403**
      **(818) 205-9955; (818) 205-9944 fax**
3
      CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
4       GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
      STEVE PYUN, ESQ.; STATE BAR NO.: 253563
5
      Attorneys for Defendant,
6          LOWE'S HOME CENTERS, LLC

7

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF RIVERSIDE

11

12 SHARON MOBLEY, an Individual,      |   CASE NO.: MCC 1401132
                      |   *Civil Unlimited Jurisdiction*
13           Plaintiff,

14 vs.                       |   **ANSWER TO COMPLAINT**

15 LOWE'S COMPANIES, INC., a North
   Carolina Corporation, Also Known As,
16 LOWE'S HOME CENTERS, LLC, dba
   LOWE'S; and DOES 1 to 50, Inclusive,
17
          Defendants.
18

19       COMES NOW defendant, LOWE'S HOME CENTERS, LLC, for itself alone and for no

20 other defendant, in answering the plaintiff's complaint on file herein and admits, denies and alleges

21 as follows:

22       1.     Under the provisions of §431.30 of the California *Code of Civil Procedure*, this

23 answering defendant denies both generally and specifically each and every allegation in said

24 complaint and the whole thereof, including each and every purported cause of action contained

25 therein, and denies that the plaintiff sustained damages in any sum or sums, or at all.

26       2.     Further answering plaintiff's complaint on file herein and the whole thereof,

27 including each and every purported cause of action contained therein, this answering defendant

28 denies that the plaintiff sustained any injury, damage or loss, if any, by reason of any act or

1   omission on the part of this answering defendant, or any agent, servant or employee of this

2   answering defendant.

3         FOR A FIRST, SEPARATE AND

4         DISTINCT AFFIRMATIVE DEFENSE,

5         THIS ANSWERING DEFENDANT ALLEGES:

6         3.    That plaintiff herein is barred from any recovery herein on the basis that her own

7   negligence was the sole and proximate cause of the accident and injuries sustained herein, but in

8   the event a finding is made that negligence exists on the part of this answering defendant which

9   proximately contributed to plaintiff's injuries and/or damages, plaintiff's amount of recovery, if

10  any, shall be reduced on the basis of her own comparative negligence which contributed to the

11  accident herein and the injuries and/or damages and claims upon which plaintiff is seeking

12  recovery against this answering defendant.

13        FOR A SECOND, SEPARATE AND

14        DISTINCT AFFIRMATIVE DEFENSE,

15        THIS ANSWERING DEFENDANT ALLEGES:

16        4.    That the injuries and damages, if any, sustained by plaintiff were proximately

17  caused by the negligence, carelessness or fault of others, and therefore the plaintiff may recover

18  from this defendant only that apportionment of damages directly attributable to the negligence,

19  carelessness or fault of this answering defendant (which allegation is being made solely for the

20  purpose of this pleading and without admitting such to be the fact).

21        FOR A THIRD, SEPARATE AND

22        DISTINCT AFFIRMATIVE DEFENSE,

23        THIS ANSWERING DEFENDANT ALLEGES:

24        5.    That if it is determined that one or any combination of named or unnamed

25  defendants proximately caused any injury to the plaintiff, any liability for damages against this

26  answering defendant be negated or reduced upon the comparative fault of the remaining co-

27  defendants.

28  //

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

ANSWER TO COMPLAINT

1   FOR A FOURTH, SEPARATE AND

2   DISTINCT AFFIRMATIVE DEFENSE,

3   THIS ANSWERING DEFENDANT ALLEGES:

4       6.    That the Complaint and each of the purported Causes of Action therein complained

5   fail to state a Cause of Action against this answering defendant.

6   FOR A FIFTH, SEPARATE AND

7   DISTINCT AFFIRMATIVE DEFENSE,

8   THIS ANSWERING DEFENDANT ALLEGES:

9       7.    That plaintiff's Complaint herein, and the whole thereof, and each and every

10  purported cause of action contained therein is barred by the running the applicable statute of

11  limitations as is embodied in California *Code of Civil Procedure*, Sections 335.1, 338, 339, 340,

12  343.

13  FOR A SIXTH, SEPARATE AND

14  DISTINCT AFFIRMATIVE DEFENSE,

15  THIS ANSWERING DEFENDANT ALLEGES:

16      8.    That immediately prior to the occurrence of the incident referred to in the Complaint

17  herein, plaintiff failed to use and exercise caution for her own protection and safety in that, among

18  other things, she freely and voluntarily placed herself in a position so as to be exposed to a

19  likelihood of injury and that at the time and place of said accident, plaintiff was fully aware of the

20  dangers incident thereto and continued to freely and voluntarily expose herself to same, and

21  thereby assumed the risk thereof, and in having assumed the risk, is therefore barred by the

22  assumption of the risk for any recovery herein or the applicable abatement of such recovery, if

23  any, herein.

24  //

25  //

26  //

27  //

28  //

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -

ANSWER TO COMPLAINT

FOR A SEVENTH, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

9.     That if plaintiff sustained any injuries or damages as a result of the accident or incident complained of herein, then plaintiff proximately caused, aggravated and/or failed to take proper action to reduce and/or mitigate said injuries and damages.

FOR AN EIGHTH, SEPARATE AND

DISTINCT AFFIRMATIVE DEFENSE,

THIS ANSWERING DEFENDANT ALLEGES:

10.     In accordance with the provisions of California *Civil Code* Section 1431 Et. Seq., the liability of this answering defendant, if any, must be compared with the liability of others including plaintiff herein.  This defendant is not liable for any greater percentage of non-economic damages if any than its percentage of liability bears to 100% liability.

WHEREFORE, this answering defendant prays that plaintiff take nothing by way of the Complaint on file herein and that this answering defendant may be hence dismissed with costs of suit incurred herein and for such other and further relief as the Court may deem just and proper in the premises.

Dated:  September 30, 2014                    THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
GENE B. SHARAGA
STEVE PYUN
Attorneys for Defendant,
LOWE'S HOME CENTERS. LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

**ANSWER TO COMPLAINT**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| Fernando D. Vargas, Esq.<br>LAW OFFICES OF FERNANDO D. VARGAS<br>8647 Haven Avenue, Suite 200<br>Rancho Cucamonga, CA 91730-4888<br>(909) 982-0707/(909) 982-7182 - Fax | Attorneys for Plaintiff,<br>SHARON MOBLEY |

5.   a. ____   **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

  b.    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

    (1) ____ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) ⟋ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

  I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

  c. ____   **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

THARPE & HOWELL, LLP<br>15250 Ventura Boulevard, Ninth Floor<br>Sherman Oaks, California 91403-3221

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* (See below)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 10|1|14 | Michele Schee | |
| --- | --- | --- |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

___ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
| --- | --- | --- |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\26000-000\26425\Pleadings\ANSWER.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

ANSWER TO COMPLAINT

1   **THARPE & HOWELL, LLP**
    **15250 Ventura Boulevard, Ninth Floor**
2      **Sherman Oaks, California 91403**
       **(818) 205-9955; (818) 205-9944 fax**
3
    CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
4   GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
    STEVE PYUN, ESQ.; STATE BAR NO.: 253563
5
    Attorneys for Defendant,
6      LOWE'S HOME CENTERS, LLC

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF RIVERSIDE

11

12   SHARON MOBLEY, an Individual,          CASE NO.: MCC 1401132
                                            *Civil Unlimited Jurisdiction*
13                     Plaintiff,

14   vs.                                    **DEMAND FOR TRIAL BY JURY**

15   LOWE'S COMPANIES, INC., a North
     Carolina Corporation, Also Known As,
16   LOWE'S HOME CENTERS, LLC, dba
     LOWE'S; and DOES 1 to 50, Inclusive,
17
                      Defendants.
18

19   TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE that defendant LOWE'S HOME CENTERS, LLC hereby

21   demands trial of the above action by jury.

22

23   Dated: September 30, 2014                THARPE & HOWELL, LLP

24                                      By: _____
                                            CHARLES D. MAY
25                                          GENE B. SHARAGA
26                                          STEVE PYUN
                                            Attorneys for Defendant,
27                                          LOWE'S HOME CENTERS, LLC

28

─────────────────────────────────────
                    - 1 -
             DEMAND FOR TRIAL BY JURY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 01 2014

R. Alessandro

1  **THARPE & HOWELL, LLP**
   **15250 Ventura Boulevard, Ninth Floor**
2  **Sherman Oaks, California  91403**
   **(818) 205-9955; (818) 205-9944 fax**
3
   CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
4  GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
   STEVE PYUN, ESQ.; STATE BAR NO.: 253563
5
   Attorneys for Defendant,
6      LOWE'S HOME CENTERS, LLC
7
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                      COUNTY OF RIVERSIDE
11
12  SHARON MOBLEY, an Individual,        CASE NO.: MCC 1401132
                                        *Civil Unlimited Jurisdiction*
13              Plaintiff,
14  vs.                                  **DEMAND FOR TRIAL BY JURY**
15  LOWE'S COMPANIES, INC., a North
    Carolina Corporation, Also Known As,
16  LOWE'S HOME CENTERS, LLC, dba
    LOWE'S; and DOES 1 to 50, Inclusive,
17
                Defendants.
18
19  TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:
20        PLEASE TAKE NOTICE that defendant LOWE'S HOME CENTERS, LLC hereby
21  demands trial of the above action by jury.
22
    Dated:  September 30, 2014              THARPE & HOWELL, LLP
23
24                                     By: _____
25                                         CHARLES D. MAY
                                           GENE B. SHARAGA
26                                         STEVE PYUN
                                           Attorneys for Defendant,
27                                         LOWE'S HOME CENTERS, LLC
28

                                    - 1 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

**DEMAND FOR TRIAL BY JURY**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

Fernando D. Vargas, Esq.
LAW OFFICES OF FERNANDO D.
VARGAS
8647 Haven Avenue, Suite 200
Rancho Cucamonga, CA 91730-4888
(909) 982-0707/(909) 982-7182 - Fax

Attorneys for Plaintiff,
SHARON MOBLEY

5.  a. ____ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b.  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

    (1) ____ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2)  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

    c. ____ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.   I served the documents by the means described in item 5 on *(date):*  (See below)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/1/14 | Michele Schee | |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

___ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\26000-000\26425\Pleadings\JURY DEMAND.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -
DEMAND FOR TRIAL BY JURY

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Fernando D. Vargas, Esq.<br>LAW OFFICES OF FERNANDO D. VARGAS<br>8647 Haven Avenue, Suite 200<br>Rancho Cucamonga, CA 91730-4888<br>(909) 982-0707/(909) 982-7182 - Fax | Attorneys for Plaintiff,<br>SHARON MOBLEY |

5. a. _____ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b.  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

       (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

       (2)  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

   c. _____ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 7 -

1
d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in
2
item 4 and providing them to a professional messenger service for service.

3
e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of
4
the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

5
f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to
6
accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did
7
not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

8
6. I served the documents by the means described in item 5 on *(date): (see below)*

9
I declare under penalty of perjury under the laws of the State of California that the foregoing is true
10
and correct.

11

12
10/14/14      MICHELE SCHEE
DATE       (TYPE OR PRINT NAME)       (SIGNATURE OF DECLARANT)

13

14
### DECLARATION OF MESSENGER

15
___ **By personal service.** I personally delivered the envelope or package received from the
16
declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party
17
represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the
18
attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence
19
between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

20
At the time of service, I was at least 18 years of age. I am not a party to the above
21
referenced legal proceeding.

22
I served the envelope or package, as stated above, on *(date):*

23
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24
_____ _____ _____
DATE       (TYPE OR PRINT NAME)       (SIGNATURE OF DECLARANT)

25

26
I:\26000-000\26425\Pleadings\FEDERAL\NTC OF REMOVAL.docx

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)
Mobley v. Lowe's
Case No.: