CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: cmay@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com

JS-6

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| SHARON MOBLEY, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S COMPANIES, INC., a North Carolina Corporation, Also Known As, LOWE'S HOME CENTERS, LLC, dba LOWE'S; and DOES 1 to 50, Inclusive,<br><br>Defendants. | CASE NO.: 5:14-CV-02112-JGB-KK<br><br>(Riverside County Superior Court Case No.: MCC 1401132)<br><br>**REMAND ORDER** |

## I. BACKGROUND

On or about August 6, 2014, Plaintiff SHARON MOBLEY ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Riverside by filing a Complaint therein entitled *Sharon Mobley, an individual v. Lowe's Companies, Inc., a North Carolina Corporation, Also Known As, Lowe's Home Centers, LLC, dba Lowe's; and DOES 1 to 50, Inclusive*, Case No. MCC 1401132. Plaintiff alleges in her Complaint that she suffered severe and permanent injuries while shopping at defendant's retail store in Lake Elsinore, California, on August 24, 2012. On that date, Plaintiff alleges that she was riding a shopping scooter equipped with a basket, which tipped over from the weight of products Plaintiff had placed in the basket.

After plaintiff SHARON MOBLEY submitted a settlement demand in excess of $75,000, defendant removed the matter to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1367.

The parties have now agreed and stipulated to limit any and all recovery of damages by plaintiff SHARON MOBLEY in this matter at $75,000 or less, as evidenced by the Stipulation Capping Plaintiff's Damages and Recovery at $75,000, executed by both plaintiff SHARON MOBLEY and her counsel.  Accordingly, the parties seek an order from this Court remanding the case to the Superior Court of California, Riverside County, Case No. MCC 1401132.

## II.  ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*."  (Emphasis added).  In light of the parties' stipulation limiting any and all recovery by plaintiff SHARON MOBLEY to $75,000 or less, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c).  *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

//
//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction in the present case. Accordingly, the case is **REMANDED** to the Superior Court of California, Riverside County, Case No. MCC 1401132.

SO ORDERED this 14th day of November, 2014.

_____
United States District Court Judge

Submitted By:

THARPE & HOWELL, LLP


By: _____
CHARLES D. MAY
GENE B. SHARAGA
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -
**REMAND ORDER**
Mobley v. Lowe's
Case No.: 5:14-CV-02112-JGB-KK